# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# HELENA DIVISION

YUESEYUAN CRUEL
REG. #96075-071                                                                          PETITIONER

VS.                                          2:09CV00173 JTR

T.C. OUTLAW
Warden, FCI-Forrest City, Arkansas                                              RESPONDENT

## **MEMORANDUM AND ORDER**

### I. Background

Pending before the Court[1] is a 28 U.S.C. § 2241 Petition for a Writ of Habeas Corpus filed by Petitioner, Yueseyuan Cruel. (Docket entry #1). Respondent has filed a Response (docket entry #7), to which Petitioner has filed a Reply. (Docket entry #12). Thus, the issues are joined and ready for disposition.

On December 17, 2008, in the United States District Court for the District of South Carolina, Petitioner pled guilty to credit card fraud, in violation of 18 U.S.C. § 1029(a)(1). *United States v. Cruel*; No. 6:08-cr-00797 HFF (Dist. South Carolina). On May 20, 2009, Petitioner was sentenced to 30 months in prison and 3 years supervised release. *Id.* Petitioner is currently serving his sentence at FCI Forrest City and his projected release date is January 4, 2011. (Docket entry #1).

On November 23, 2009, Petitioner filed his federal habeas action in which he alleges: (1) that the Bureau of Prisons (BOP) failed to comply with the Second Chance Act in determining how long

---

[1] The parties have consented to proceedings before a United States Magistrate Judge. (Docket entry #10).

he should be placed in a Residential Reentry Center (RRC); and (2) that the BOP improperly calculated his Good Time Credit (GTC). (Docket entry #1). Respondent, in his Response, argues that the habeas Petition should be dismissed due to Petitioner's failure to exhaust his administrative remedies, or, alternatively that it should be denied on the merits. (Docket entry #7).

For the reasons discussed below, the Court concludes that Petitioner's habeas claims are without merit. The Petition for Writ of Habeas Corpus will be dismissed, with prejudice.[2]

## II. Discussion

Petitioner's first habeas argument is that the BOP failed to comply with the Second Chance Act when it recommended that he be placed in an RRC for only 90 to 120 days. (Docket entry #1). Pursuant to 18 U.S.C. § 3621(b), the BOP is authorized by statute "to designate the place of [a] prisoner's imprisonment." 18 U.S.C. § 3621(b); see also *Miller v. Whitehead,* 527 F.3d 752, 754 (8th Cir. 2008). In deciding where an inmate is to be imprisoned, the BOP must consider the following five statutory factors: (1) the resources of the facility contemplated; (2) the nature and circumstances of the offense; (3) the history and characteristics of the prisoner; (4) any statement by the court that imposed the sentence; and (5) any pertinent policy statement issued by the Sentencing Commission. 18 U.S.C. § 3621(b). In addition, to the five statutory factors, the BOP must "ensure that a prisoner serving a term of imprisonment spends a portion of the final months of that term (not to exceed 12 months), under conditions that will afford that prisoner a reasonable opportunity to adjust to and prepare for the reentry of that prisoner into the community." Second Chance Act § 251; 18 U.S.C. § 3624(c)(1). Although §3624 allows for placement in an RRC for

---

[2]Petitioner filed a Motion for Judgment on the Pleadings on March 11, 2010. (Docket entry #13). The motion will be denied as moot.

up to 12 months, "placement beyond 180 days [is] highly unusual, and only possible with extraordinary justification." *Whitehead*, 527 F.3d at 757.

Petitioner alleges that he has an extraordinary circumstance that justifies a longer RRC placement. (Docket entry #2). Petitioner's one-year old daughter was removed from her mother's home and placed in state custody and, according to Petitioner, he has to be gainfully employed and acquire adequate housing in order to gain custody. *Id.* Petitioner claims that if he was transferred to an RRC then he could re-gain custody of his daughter. *Id.* He argues that the BOP failed to consider his extraordinary circumstance before making its RRC recommendation. *Id.*

Petitioner's "Second Chance Act – RRC Needs Assessment Form" reflects that he underwent an RRC assessment on December 4, 2009, and was recommended for 90-120 days of RRC placement. (Docket entry #7, Ex. B to Crook Aff.) The assessment shows that, in making its decision, the BOP considered Petitioner's offense, his prior criminal history, history of incident reports in prison, his education, community/family support, and his proposed residence. *Id.*

Although Petitioner was only recommended for 90 to 120 days of RRC placement, the BOP's decision was based on its individual consideration of the factors identified in 18 U.S.C. § 3621(b). The statute does not require the BOP to provide prisoners with a detailed statutory analysis, instead it only requires that the BOP consider a Petitioner's request for RRC placement "in good faith." *Whitehead*, 527 F.3d at 758. There is no evidence in the record that indicates the BOP acted other than in good faith when it concluded that Petitioner should serve 90 to 120 days at an RRC. Thus, the Court concludes that Petitioner's first habeas claim is without merit.

For his second claim, Petitioner argues that Congress "plainly intended that the [BOP] calculate GCT based upon the sentence imposed, not time served." (Docket entry #12). In the case

3

of *Bernitt v. Martinez*, 432 F.3d 868 (8th Cir. 2006), the Eighth Circuit Court of Appeals resolved this issue, holding that GCT time should be calculated based on time served. In *Bernitt*, the inmates at the Yankton Federal Prison Camp in South Dakota challenged the BOP's calculation of their GCT under 18 U.S.C. § 3624.[3] The inmates argued, just as the Petitioner does in this case, "that their GCT should be calculated based upon the length of incarceration imposed at sentencing, rather than- as provided by BOP policy set out at 28 C.F.R. § 523.20(2005)- based on the time actually served by the inmate." *Id.* at 869.

The Eighth Circuit concluded that section 3624(b) was ambiguous and therefore, it evaluated whether the BOP's interpretation of the statute was reasonable. *Id.* The Court concluded that the BOP's interpretation was reasonable and GCT should be calculated based on the time actually served by the inmate. *Id. citing Brown v. McFadden*, 416 F.3d 1271, 1273 (11th Cir.2005) (per curiam) (finding § 3624(b)(1) ambiguous and holding BOP policy of calculating GCT based on actual time served is entitled to deference as it is reasonable). Thus, based on the Eighth Circuit Court of Appeals decision in *Bernitt*, Petitioner's second habeas claim must be denied.

---

[3] Section 3624(b) provides:

[A] prisoner who is serving a term of imprisonment of more than 1 year...may receive credit toward the service of the prisoner's sentence, beyond the time served, of up to 54 days at the end of each year of the prisoner's term of imprisonment , beginning at the end of the first year of the term, subject to determination by the [BOP] that, during that year, the prisoner has displayed exemplary compliance with institutional disciplinary regulations...[C]redit for the last year or portion of the year of the term of imprisonment shall be prorated and credited within the last six weeks of the sentence.

### III. Conclusion

IT IS THEREFORE ORDERED that the Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 (Docket entry #1) and the Motion for Judgment on the Pleadings (docket entry #13) are DENIED, and the case is DISMISSED, WITH PREJUDICE.

Dated this 15th day of April, 2010.

_____
UNITED STATES MAGISTRATE JUDGE